```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

KEITH LAMONT MONTGOMERY,

    Movant,

v.                              CIVIL ACTION NO. 2:14-16267
                                  CRIMINAL ACTION NO. 2:07-00058-1
UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Movant Keith Lamont Montgomery's ("Montgomery" or "Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. No. 59), Motion for Evidentiary Hearing (Doc. No. 61), and Motion for Appointment of Counsel (Doc. No. 62).  By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert.  Pursuant to 28 U.S.C. § 636(b), the Order directs Magistrate Judge Eifert to submit proposed findings and recommendation concerning the disposition of this matter.  Magistrate Judge Eifert submitted her Proposed Findings and Recommendation ("PF&R") on October 20, 2015.  (Doc. No. 69.)  The PF&R determined that Montgomery clearly is not entitled to relief under 28 U.S.C. § 2255; therefore, Magistrate Judge Eifert found that Montgomery is not entitled to an evidentiary hearing and

recommended that Montgomery's § 2255 Motion be denied, and this matter be dismissed from the active docket of this court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's PF&R. Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a de novo review by this court. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Movant made a filing related to the PF&R: a set of objections. (Doc. No. 70.) Each of Movant's objections is now addressed in turn. Although Movant addresses the equitable tolling argument last, this court deems it "jurisdictional" and will, accordingly, commence its analysis there. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015). The court determines that the objections are meritless. As a result, the court adopts the PF&R, denies § 2255 relief (accordingly denying

2

an evidentiary hearing as well), and directs the Clerk to dismiss this case from the active docket of the court.

### I. EQUITABLE TOLLING IS UNWARRANTED IN THIS CASE

In this case, equitable tolling is foreclosed by governing precedents. Movant pins his hopes on McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), which enables limited equitable tolling. It is unavailing.

McQuiggin did not disallow a federal court from "entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence," 133 S.Ct. at 1933—35. In McQuiggin, the United States Supreme Court construed 28 U.S.C. § 2244(d)(1)(D), which is a provision of the statute of limitations governing federal habeas petitions lodged by state prisoners. For a moment, the court assumes that McQuiggin applies just as forcefully to § 2255 motions respecting federal prisoners. Even so, the United States Court of Appeals for the Fourth Circuit accurately has held that "McQuiggin does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction." United States v. Jones, 758 F.3d 579, 586 (4th Cir. 2014). Because Movant's assertions fall squarely within the "actual innocence of his sentence" category, instead of the "actual innocence . . . of his crime of conviction" category, McQuiggin is of no help

to Movant—and equitable tolling is unavailable to him.  Id. (emphases added).  Nor is the court surprised by the logic of Jones since, on top of the risk inherent in extrapolating the holding of a United States Supreme Court decision well beyond its original contours, there is another lingering but no less important concern: Whereas equitable tolling might be sensible when the evidence required to raise an actual innocence claim pertaining to the crime of conviction sometimes is hard to come by and might surface later, no such delay is ordinarily justifiable when the sentence itself is contested.

   The time bar at issue here is jurisdictional.  This or any other court has no warrant to liberally confer on a movant equitable-tolling effect when "Congress [has] made the time bar at issue jurisdictional." Kwai Fun Wong, 135 S. Ct. at 1631. "When that is so, a litigant's failure to comply with the bar deprives a court of all authority to hear a case." Id.  Indeed, this is so much the case that "a court must enforce the limitation even if the other party has waived any timeliness objection."  Id.  (citing Gonzalez v. Thaler, 565 U.S. 134 (2012)).  In such circumstances, "courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented." Gonzalez, 565 U.S. at 141.  Furthermore, "a court must [enforce the limitation] even if equitable

4

considerations would support extending the prescribed time period." Id. (citing John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133–34 (2008)). Admitting that these are "harsh consequences," the United States Supreme Court has required that there be a "clear statement" from the First Branch that "Congress [did actually] imbue[] a procedural bar with jurisdictional consequences." Kwai Fun Wong, 135 S. Ct. at 1632. This is true here.

In addition, Movant's motion is unavailing under the Fourth Circuit's decision in Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 2890 (2015) (Whiteside II). This is because "[e]quitable tolling . . . may not be applied where . . . the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." Id. at 186. Additionally, the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237, 243-45, 250 (4th Cir. 2011) (en banc) (a prior conviction qualified as a "controlled substance offense" under the Guidelines only if the particular defendant could have been sentenced to more than a one-year term of imprisonment for the crime, without considering hypothetical enhancements or aggravating factors), is inapplicable to Movant. This is because both of Movant's convictions, in Virginia and in

5

Michigan, count as "controlled substance offense" convictions.[1] The court looks to the potential sentence, not the actual sentence received, in making this determination. Lastly, even assuming that Movant somehow was entitled to equitable tolling with respect to his career-offender argument, the Fourth Circuit has held that "a mistaken career offender designation [under the Guidelines] is not cognizable on collateral review," unless a conviction underlying the career-offender designation later is vacated, thereby changing the defendant's Guidelines range itself. See United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015) (citation omitted). This court's opinion is governed by Newbold, and the court must consider it vertical stare decisis.

Accordingly, Movant's motion is time-barred, and this objection is OVERRULED. Ordinarily, in the interest of judicial restraint, this might end the case. However, to give the issues plenary treatment and to simplify them in case Movant

---

[1] As the PF&R ably states, "Montgomery's challenge to his career offender designation is without merit given that his two prior convictions met the definition for 'controlled substance offense[s]' under the Guidelines, and the offense underlying the instant motion was a 'controlled substance offense.'" (Doc. No. 69) (citing United States Sentencing Guidelines §§ 4B1.1(a), 4B1.2(b)).

subsequently elects to lodge an appeal, the court will also address Movant's remaining objections.[2]

## II. ADDITIONAL CLAIMS

### A. A Sentencing Court's Application of the Armed Career Criminal Act ("ACCA") Enhancement Would Have Been Valid Here.

Movant did not receive an ACCA-based sentencing enhancement. The Fourth Circuit's decision in United States v. Span, 789 F.3d 320 (4th Cir. 2015), construing Shepard v. United States, 544 U.S. 13 (2005) (plurality opinion), would not have precluded a ACCA sentencing enhancement here. The Fourth Circuit has stated that "Shepard-approved sources," which include "the charging document, plea agreement, plea transcript between the judge and the defendant," "unlike police reports, properly limit the inquiry of sentencing courts to conclusive . . . judicial record[s]." Span, 789 F.3d at 326 (citations and internal quotation marks omitted).

In prosecuting this collateral challenge, it is Movant's burden "to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, *2 (E.D. Va. Jan. 4, 2006). A collateral attack under § 2255 is, by design, far more

---

[2] Movant requests that the court grant him as a pro se movant greater latitude and liberality in his filings. The PF&R submitted by Magistrate Judge Eifert has done so. (Doc. No. 69.) The court too does so.

7

limited than an appeal as the "usual and customary method of correcting trial errors is by appeal." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999); see also United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Since a collateral attack does not "serve the same functions as an appeal, the doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal." Sutton, 2006 U.S. Dist. LEXIS 979, *5. Even if error had been committed, Movant has not demonstrated that Movant's trial counsel did not forfeit the right to challenge such an error later.³ Accordingly, it would have been procedurally defaulted.

Only under three scenarios may a procedurally-defaulted claim be raised on collateral review.⁴ The first instance is derived

---

³ "Waiver," the court notes, "is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" United States v. Olano, 507 U.S. 725, 733 (1993) (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

⁴ These scenarios could be judicially crafted only because procedural default is "not a statutory or jurisdictional command; rather, it is a prudential rule grounded in considerations of comity and concerns for the orderly administration of criminal justice." McQuiggin, 133 S. Ct. at 1937 (citations and internal quotation marks omitted).

from the United States Supreme Court's decision in Frady, 456 U.S. at 165.  Under this doctrine, a movant must demonstrate both: (1) cause; and (2) actual prejudice caused by the alleged error.  Id. at 167; see also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492—95 (4th Cir. 1999).  In order to demonstrate "cause," a movant's claim "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  Mikalajunas, 186 F.3d at 493 (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).  To demonstrate "actual prejudice," a movant must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494).  This demanding test, the United States Supreme Court has counseled courts, presents "a significantly higher hurdle than would exist on direct appeal."  Frady, 456 U.S. at 166.  Moreover, the second instance "is when a petitioner can demonstrate that he is actually innocent" of the crime(s) charged. Sutton, 2006 U.S. Dist. LEXIS 979, *7.  The United States Supreme Court "ha[s] . . . expressed a willingness to excuse a petitioner's default, even absent a showing of cause, 'where a constitutional

---

Logically, it follows that "what courts have created, courts can modify."  Id.

9

violation has probably resulted in the conviction of one who is actually innocent.'" McQuiggin, 133 S. Ct. at 1937–38 (quoting Murray, 477 U.S. at 496); see also Schlup v. Delo, 513 U.S. 298, 326–27 (1995); House v. Bell, 547 U.S. 518, 536–37 (2006). Finally, the third instance directly addresses ineffective-assistance claims: "[A] claim founded on the allegation of ineffective assistance of counsel may also be properly raised in a § 2255 motion even if such claim was not preserved at the trial level or raised on direct appeal." Id. at *8.

Movant has not demonstrated that he is actually innocent of the crime(s) charged. Thus, the court may easily dispose of the second instance. Now only the first and third instances remain in play. Under the first instance, Movant may satisfy "cause" by claiming the ineffective assistance of counsel. Further, in order to demonstrate "actual prejudice," Movant must show "that the error worked to his actual and substantial disadvantage," not just "that the error created a possibility of prejudice." Satcher, 126 F.3d at 572 (citations and internal quotation marks omitted). In fact, the application of this test now collapses the distinction between the second and third instances since the second prong of the ineffective-assistance claim also implicates "actual prejudice."

For the reasons given in the next section, Movant does not satisfy the actual-prejudice prong involving either the first or

10

the third instances. Consequently, Movant's ACCA argument is hereby OVERRULED.

B. **Movant Was Not Denied the Effective Assistance of Counsel.**

Movant claims that because Movant's trial counsel did not object to the Government's failure to provide him with a previous-conviction notice under 21 U.S.C. § 851, counsel was ineffective. In addition, Movant also claims that counsel's failure to request that a jury determine Movant's sentence under the Sixth Amendment rendered his counsel ineffective.

To succeed on an ineffective assistance of counsel claim, Movant must satisfy both prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984), and therefore demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Movant bears the burden of proof on both of these prongs, not to mention the preponderance standard that Movant must generally satisfy. United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). The United States Supreme Court's teaching is that the Strickland standard requires us to give considerable deference to trial counsel, not to mention to the trial court. This is because a "strong presumption" exists "that

11

counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Fusing the two prongs together, it is fitting to recount that counsel's strategic choices are "virtually unchallengeable," so long as counsel makes them after comprehensive investigation of relevant law and facts (or as comprehensive as the circumstances may enable and require). Strickland, 466 U.S. at 690; see also Yarborough v. Gentry, 540 U.S. 1 (2003) (deference accorded to attorney's strategic choices during closing argument). The same is true of counsel's "reasonable" decisions making investigation unnecessary, Strickland, 466 U.S. at 691, and of counsel's determinations about which issues to raise on appeal. See Jones v. Barnes, 463 U.S. 745 (1983) (relying on counsel's professional judgment for appellate issues). To demonstrate prejudice under the Strickland line of precedent, Movant must demonstrate that there is "[a] reasonable probability," that is to say, "a probability sufficient to undermine confidence in the outcome," that were it not "for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

For the reasons the PF&R has supplied, Movant has not demonstrated actual prejudice, without which relief is unavailable to him. (Doc. No. 69.) Moreover, even on the objective standard of reasonableness prong, Movant has not explained, and cannot

12

explain, why the minor alleged deficiencies he attributes to trial counsel are not justifiable simply as products of counsel's professional judgment.[5] Might it not be that counsel did not object to the Government's failure to provide Movant with a previous-conviction notice because counsel reasonably believed in good faith that this objection would almost certainly be overruled? See Christian v. Ballard, No. 3:05-cv-00879, 2013 WL 4068214, at *15 (S.D.W. Va. June 6, 2013) ("Counsel's failure to make a futile motion cannot be the basis of an ineffective assistance claim.") (citing Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005)); see also Lockhart v. Fretwell, 506 U.S. 364, 382 (1993) ("[I]neffective-assistance claims predicated on failure to make wholly frivolous or unethical arguments will generally be dispensed with under Strickland's first prong. . .").  In addition, since Movant received a sentence of 168 months, why is the 120-month sentence—a floor under the previous-conviction notice—relevant?  (Doc. No. 70.)  Under 21 U.S.C. § 851, information was unnecessary in this case.  See United States v. Foster, 68 F.3d 86 (4th Cir. 1995).

The courts are not in the retrospective business of second-guessing the reasonable and strategic choices made by defense

---

[5] This pertains to all the ineffective-assistance arguments that Movant has raised.

counsel—and particularly not so when the degree and kind of deference the courts must apply is a high one.  This is the case here.  Understandably, then, the United States Supreme Court has forbidden this court from indulging the "natural tendency to speculate as to whether a different . . . strategy might have been more successful."  Id.  In fact, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Strickland, 466 U.S. at 690, rather than "in hindsight."  Id. at 680.  Consequently, under the normal standards of Strickland analysis, Movant has not borne his burden.  Judging by the lens of § 2255's preponderance standard, Movant's ineffective-assistance claim fails, and is OVERRULED.

### III. CONCLUSION

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v.

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

Having reviewed the PF&R filed by Magistrate Judge Eifert, the court (1) ADOPTS the findings and conclusions set forth therein; (2) DENIES Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (Doc. No. 59); (3) OVERRULES Movant's Objections (Doc. No. 70); (4) DENIES Movant's Motion for Evidentiary Hearing (Doc. No. 61); (5) DENIES Movant's Motion for Appointment of Counsel (Doc. No. 62); (6) DISMISSES this action, with prejudice; and (7) DIRECTS the Clerk to remove this action from the active docket of this court.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to Movant, pro se, and to all counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge